UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Concrete Design Specialists, Inc.,** Plaintiff, v. **Paul C. Nasvik and Milestones, Inc.,** Defendants. | Civil Action No. 01-CV-1304(PAM/JGL |

# STIPULATED PROTECTIVE ORDER

All parties having agreed that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is both necessary and appropriate, and the United States District Court for the District of Minnesota (hereinafter "Court") having approved of such an agreement,

IT IS HEREBY ORDERED THAT:

1. Any information produced by either party as part of discovery in this action may be designated by such party as "Confidential Information" or "Attorney's Eyes Only Confidential Information". As a general guideline, materials designated "Confidential" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Attorney's Eyes Only Confidential" shall be those things of proprietary business or technical nature which might be of value to a party as a potential competitor or the party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties. Except for information that is privileged communication between an attorney and party as client, or that is work product, all relevant information shall be produced even though designated as "Confidential Information" or "Attorney's Eyes Only Confidential Information".

APR 02 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. "Confidential Information" or "Attorney's Eyes Only Confidential Information" as used herein means any information which is so designated by any party to this litigation, whether it be a document, information contained in a document, information revealed orally (e.g., during a deposition), information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential Information" or "Attorney's Eyes Only Confidential Information", the party will make such designation only as to that information that it in good faith believes contains information that has been or should have been retained in confidentiality.

3. All "Confidential Information" or "Attorney's Eyes Only Confidential Information" produced or disclosed in the course of this litigation shall be treated as "Confidential" or "Attorney's Eyes Only Confidential" and used solely for the purpose of this litigation.

4. Nothing shall be regarded as "Confidential Information" or "Attorney's Eyes Only Confidential Information" if it is information that the receiving party can show by written evidence:

(a) was, is, or becomes public knowledge, not in violation of this Order;

(b) was or is acquired from a third party lawfully possessing such information and/or having no obligation with regard to its disclosure; or

(c) was previously known to the receiving party, or is developed hereafter independently by the receiving party by persons having no access to such "Confidential Information" or "Attorney's Eyes Only Confidential Information."

5. Documents produced by any party may be designated as "Confidential Information" by marking "CONFIDENTIAL" on at least the initial page thereof, or may be designated as "Attorney's Eyes Only Confidential Information" by marking "ATTORNEY'S EYES ONLY" on at least the initial page thereof. In lieu of marking the original of a document, the parties may mark the copies that are produced or exchanged.

6. (a) Information disclosed at the deposition of a party; or one of its present or former officers, directors, employees, agents; or independent experts or consultants retained by a party for the purposes of this litigation may be designated by any party as "Confidential Information" or "Attorney's Eyes Only Confidential Information" by indicating on the record at the deposition, or in writing at a reasonable time thereafter, that the testimony is confidential and subject to the provisions of this Order.

(b) All information disclosed in a deposition shall be treated until fifteen (15) days after the transcript of said deposition is received by the information-supplying party as if it had been designated as "Attorney's Eyes Only Confidential Information" at the time of the taking of the deposition. Such supplying party shall also designate all information disclosed at such deposition which is to be deemed as "Confidential" or "Attorney's Eyes Only Confidential" by notifying all other parties on the deposition transcript or in writing, within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which contain such restricted information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

7. "Confidential Information" shall not be made available in any manner to any person other than:

(a) Law firms of record, Merchant & Gould for Plaintiff Concrete Design Specialties, Inc.; Kinney & Lange for Defendants Paul C. Nasvik and Milestones, Inc.; and employees or contract employees of such firms to whom it is necessary that confidential information be disclosed for purposes of this litigation.

(b) Outside testifying experts or consulting experts ("experts") retained by Plaintiff or Defendants for purposes of this litigation, and their staff.

(c) Two designated officers, directors or employees of the parties.

8. "Attorney's Eyes Only Confidential Information" shall not be disclosed or otherwise made available in any manner to any person other than the persons listed in Paragraph 7(a) and 7(b) who have a need to know.

9. Documents that have been disclosed prior to the entry of this Protective Order may within fifteen (15) days from entry of this Protective Order be designated as "Confidential Information" or "Attorney's Eyes Only Confidential Information" pursuant to the terms of this Protective Order. A list describing the prior produced documents and the designation under which disclosure of the document is to be governed shall be given to the receiving party within such fifteen (15) days from the date of entry of this Protective Order. All copies and reproductions of such documents in the custody of the receiving party shall be immediately marked "Confidential" or "Attorney's Eyes Only" as the case may be.

10. In the event that at the time a document is produced the designation "Confidential" or "Attorney's Eyes Only" is lacking, and it is later determined by the producing party, in good faith, that such a designation should have appeared on the document, the producing party may restrict future disclosure and use of the document, consistent with this Protective Order, as though originally designated "Confidential" or "Attorney's Eyes Only," by notifying the receiving party in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the document is to be governed. All copies and reproductions of such documents in the custody of the receiving party shall be immediately marked "Confidential" or "Attorney's Eyes Only" as the case may be.

11. In the event that outside testifying experts or consultanting experts ("experts") for purposes of this litigation are retained by either party with respect to the subject matter of this litigation, as under Paragraph 7(b) above, and a party desires to disclose to such expert any "Confidential Information" or "Attorney's Eyes Only Confidential Information" marked by the other party, then such disclosure shall be permitted only when the designated expert shall acknowledge in writing by signing a copy of Exhibit A attached hereto, that the designated

expert has received and read a copy of this Protective Order, and that the designated expert is bound by the terms thereof.

12. This Order shall not prevent the disclosure of "Confidential Information" or "Attorney's Eyes Only Confidential Information" if the party designating the information as "Confidential Information" or "Attorney's Eyes Only Confidential Information" expressly consents to such disclosure, either in writing or in the record of this litigation, or if the Court after notice to all parties, orders such disclosure. Such express consent or order shall not extend to any "Confidential Information" or "Attorney's Eyes Only Confidential Information" except that specifically identified.

13. No party shall be obligated to challenge the propriety of a confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the confidentiality designation by the other party, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the confidentiality of the material challenged shall be maintained under this Order so long as the party asserting that such material is confidential files an appropriate motion with the Court within ten (10) days of receiving notice from the objecting party that the dispute cannot be resolved. The parties may by stipulation provide for exceptions to this Order, and any party may seek an order of the Court modifying this Protective Order. This Order shall be without prejudice to any party bringing before the Court at anytime the question of whether any particular information should not be deemed "Confidential Information" or "Attorney's Eyes Only Confidential Information". Upon such hearing the party asserting that any particular information is "Confidential Information" or "Attorney's Eyes Only Confidential Information" shall have the burden of establishing the same.

14. If counsel for a party receiving "Confidential Information" believes that it is necessary to disclose any "Confidential Information" to any person not designated in Paragraph 7; or if counsel for a party receiving "Attorney's Eyes Only Confidential Information" believes that it is necessary to disclose any "Attorney's Eyes Only Confidential Information" to any

person not designated in Paragraph 8, then at least ten (10) days prior to making a disclosure to such person or persons, the party desiring to disclose "Confidential Information" or "Attorney's Eyes Only Confidential Information" shall deliver written notice thereof to counsel for the party having made the confidentiality designation. The written notice shall identify the individuals to whom disclosure is to be made, describe the information intended to be disclosed to such individuals, and specify the reasons why such disclosure is deemed necessary. If the party which has made the confidentiality designation objects to disclosure of the identified information to such person or persons, it shall notify the party desiring to disclose the information of its objection in writing within seven (7) days. The party seeking to disclose the information may thereafter move the Court for a ruling on whether the identified information may be disclosed. The party seeking to maintain the designation of either "Confidential Information" or "Attorney's Eyes Only Confidential Information" shall have the burden of establishing to the Court that the disclosure should not be permitted. In the event of such a motion, the information shall not be disclosed pending the ruling of the Court.

15. All portions of transcripts of depositions, exhibits, responses to interrogatories or requests for admissions, affidavits, briefs, memoranda of law, or other documents filed with the Court pursuant to this action which reproduce or otherwise disclose "Confidential Information" or "Attorney's Eyes Only Confidential Information" shall be filed in sealed envelopes or other containers on which shall be endorsed the title of this action, and indication of the general nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

**CONFIDENTIAL**

**This envelope or container contains documents, materials, or tangible things filed in this litigation by (name of party), and is not to be opened, nor the contents thereof displayed or revealed except by Order of the United States District Court For The District of Minnesota.**

16. The Court is directed to maintain under seal all portions of transcripts of depositions, exhibits, responses to interrogatories or requests for admissions, affidavits, briefs, memoranda of law, or other documents filed with the Court in the manner specified in Paragraph 15.

17. Within sixty (60) days after the conclusion of this litigation, including the exhaustion of any appeals, any originals or reproductions of any documents designated as "Confidential Information" or "Attorney's Eyes Only Confidential Information" shall be destroyed or returned to the producing party, at the option of the party making the confidentiality designation. Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation except:

(a) There shall be no restriction on documents that are used as exhibits during Testimony (unless such exhibits were filed under seal); and

(b) A party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.

18. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon the attorney's examination of "Confidential Information" or "Attorney's Eyes Only Confidential Information" produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose any "Confidential Information" or "Attorney's Eyes Only Confidential Information" produced by any other party herein which disclosure could be contrary to the terms of this Order.

APPROVED:

Dated: April 2, 2002 By: ______________________
The Honorable Paul A. Magnuson
U.S. District Judge

ACCEPTED AND AGREED TO:

Dated: April 1, 2002 By: William F. McIntyre, Jr.
David K. Tellekson (#173,836)
William F. McIntyre, Jr. (#307,555)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

**ATTORNEYS FOR CONCRETE DESIGN SPECIALTIES, INC.**

ACCEPTED AND AGREED TO:

Dated: 3/25/02 By: ______________________
David R. Fairbairn (#28,125)
Alana T. Bergman (#285,158)
KINNEY & LANGE, PA
The Kinney & Lange Building
312 South Third Street
Minneapolis, Minnesota 55415-1002
Telephone: (612) 339-1863
Facsimile: (612) 339-6580

**ATTORNEYS FOR PAUL C. NASVIK AND MILESTONES, INC.**

**EXHIBIT A**

AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I hereby acknowledge receipt of materials or information alleged to be confidential by ______________________________. I certify my understanding that such material is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order of ______________, 200__, Civil Case No. 01-1304 (PAM/JGL), United States District Court for the District of Minnesota, the Honorable Judge Paul A. Magnuson, *Concrete Design Specialties, Inc. v. Paul C. Nasvik and Milestones, Inc.*, and that I have been given a copy of and have read said Order.

I understand that I am to make no copies of any of the aforesaid documentary material and that it is to remain in my personal custody until I have completed my assigned duties, whereupon it is to be returned to counsel who provided me with said material. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms, conditions and restrictions imposed by said Order. I also agree not to disseminate such information, except for purposes of this action and as permitted by said Order or a further order of the United States District Court for the District of Minnesota.

Dated: ____________________ Signed: ____________________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.