**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CONCRETE DESIGN SPECIALTIES, INC.,**

Plaintiff,

v.

**PAUL C. NASVIK and MILESTONES, INC.,**

Defendants.

Civil No. 01-1304 (PAM/JGL)

**ORDER**

---

APPEARANCES

David K. Tellekson, Esq., and William F. McIntyre, Jr., Esq., for Plaintiff

David R. Fairbairn, Esq., and Alana T. Bergman, Esq., for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on May 7, 2002 on Defendants' Motion to Strike Plaintiff's Reply to Defendants' Counterclaim. The case has been referred to the undersigned for resolution of nondispositive pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

This is a patent infringement case involving technology for making walls from concrete resembling natural stone. The Complaint was filed on July

FILED MAY 08 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

18, 2001 and served on October 9, 2001. On October 23, 2001, Defendants filed an Answer and Counterclaim, the latter asking for a declaratory judgment of non-infringement and invalidity of the patents at issue. Federal Rule of Civil Procedure 12(a)(2) requires a plaintiff to serve a reply to a counterclaim pled in an answer within twenty days of service. Thus, Plaintiff should have replied to the counterclaim on or about November 12, 2001. On October 30, 2001, the parties filed a joint Rule 26(f) Report in which Plaintiff stated that all pleadings had been filed and that it did not propose any amendments to the pleadings. However, on April 1, 2002, more than four months after the reply was due, Plaintiff filed a Reply to the counterclaim. The Reply raised the affirmative defenses of failure to state a claim on which relief can be granted and assignor estoppel, which is a legal theory that once an inventor has assigned his rights in a patent, he is estopped from asserting its invalidity. Defendants now move the Court pursuant to Rule 12 to strike the Reply as untimely filed.

## II. DISCUSSION

The initial question for the Court is to determine under what authority Defendants move to strike Plaintiff's Reply. Defendants devote much of their memorandum to a discussion of Rule 15(a), which governs a party's ability to amend its pleadings. However, Plaintiff does not seek to amend its pleadings, and the Court therefore finds inapplicable the Rule 15(a) analysis. Defendants also state that their motion to strike is brought pursuant to Rule

12. Although Defendants do not cite to Rule 12(f) specifically, subsection (f) is the only portion of Rule 12 permitting a motion to strike. The language of Rule 12(f) permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The rule does not provide for striking an entire pleading because it was filed late. Accordingly, the Court finds inapplicable this legal basis as well.

A reply to a counterclaim is similar in nature to an answer to a complaint. See Fed. R. Civ. P. 12(1), (2). Thus, it is appropriate to conduct the present analysis as if a party had untimely filed an answer. The proper course when a party untimely files or fails to file an answer is to move for an entry of judgment by default. See Swink v. City of Pagedale, 810 F.2d 791, 792 (8th Cir. 1987). This analysis requires a court to ascertain whether the offending party engaged in a clear pattern of delay or contumacious conduct. See Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988) (suggesting that prejudice to the opponent is also a consideration). Here, Defendants did not move for default judgment on their counterclaim but moved to strike the late pleading, and the Court emphasizes that it is not regarding Defendants' motion as one for default judgment. However, the standard for default judgment provides an appropriate mechanism by which to decide Defendants' motion to strike Plaintiff's Reply. Cf. McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557,

558 (D. Nev. 2002) (actually converting a motion to strike an answer as untimely into a motion for entry of default judgment). This standard approximates Defendants' proposed Rule 15(a) standard of undue delay, bad faith, dilatory motive, and prejudice, and Defendants therefore should have no objection to its application.

In the present case, Plaintiff did not engage in a clear pattern of delay. Plaintiff did not intentionally delay filing its Reply at all. Rather, the Court finds credible the declaration of Jennifer Rowan, who explained that Defendants' Answer was inadvertently misdocketed as an answer not requiring a reply. Three or four days after Plaintiff's lead counsel discovered the error, the Reply was filed and served. Plaintiff has not delayed other aspects of the case.

Plaintiff did not engage in contumacious conduct. There is no evidence of bad faith or dilatory motive. Although Plaintiff stated in the Rule 26(f) Report that all pleadings had been filed, this misstatement resulted from the inadvertent docketing error, not from bad faith or harmful motive. The Reply was filed late merely because of an inadvertent mistake. It is true that Plaintiff did not seek leave of the Court to file a late pleading, but it at least filed the Reply within the deadline to amend the pleadings.

Finally, Defendants will be only slightly prejudiced by the late Reply. Raising an affirmative defense always "prejudices" the opposing party,

but this is not the kind of prejudice envisioned by the Rules. Defendants will not be precluded from maintaining their counterclaim of invalidity if the Reply stands. Additionally, there has been minimal discovery in the case thus far. Defendants have served no interrogatories or document requests, and Defendants therefore can easily incorporate discovery about Plaintiff's affirmative defenses in future requests.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Reply to Defendants' Counterclaim (Doc. No. 13) is **DENIED**.

Dated: May 8, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge